UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE,<br>Plaintiff,<br><br>v.<br><br>FAIRFIELD UNIVERSITY, ET AL,<br>Defendants. | :<br>:   CIVIL ACTION NO.<br>:   3:19-CV-00212-WWE<br>:<br>:<br>:<br>:   SEPTEMBER 11, 2019<br>: |

**REPORT OF PARTIES' PLANNING MEETING PURSUANT TO FRCP 26(f)**

Date Complaint Filed:            February 12, 2019

Date Waiver of Service forms returned

executed:            March 11, 2019

Date of Defendant's Appearance:            May 10, 2019

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. Local Civil Rule 26, the parties conferred on July 17, 2019. The participants were:

for the Plaintiff:            Stuart Bernstein, Kara Gorycki

for the Defendant:            Jonathan Sterling

**I.   CERTIFICATION**

The parties certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

    A.    <u>Subject Matter Jurisdiction</u>

Subject matter jurisdiction is conferred upon the court under the provisions of 28 U.S.C. §§ 1331 and 1332.

    B.    <u>Personal Jurisdiction.</u>

Uncontested.

## III. BRIEF DESCRIPTION OF CASE

    A.    <u>Claims of Plaintiff</u>

Plaintiff has alleged claims against Defendant Fairfield University for: sex discrimination under Title IX of the Education Amendments of 1972 under erroneous outcome and selective enforcement theories; breach of contract; breach of the implied covenant of good faith and fair dealing; and disability discrimination under Section 504 of the Rehabilitation Act. Plaintiff has alleged a claim for negligent infliction of emotional distress against Defendants Brown and Donoghue.

    B.    <u>Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant</u>

Defendants generally deny Plaintiff's allegations of discrimination, breach of contract, negligence, and other wrongful conduct and assert that the claims fail as a matter of law.

    C.    <u>Defenses and Claims of Third Party Defendant(s)</u>

Not applicable.

## IV. STATEMENT OF UNDISPUTED FACTS

The undersigned counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are not disputed:

    A.     In Fall 2014, Plaintiff enrolled at Fairfield University as a Freshman.

    B.     On or about December 6, 2017 Jane Roe made a complaint to the University's Department of Public Safety ("DPS") alleging sexual misconduct against Plaintiff.

    C.     On or about February 9, 2018, the University convened a disciplinary hearing regarding the allegations against Plaintiff (the "First Hearing").

    D.     The First Hearing was subsequently nullified.

    E.     The parties agree to continue discussing in good faith further undisputed issues of fact.

**V.   CASE MANAGEMENT PLAN**

    A.     <u>Standing Order on Scheduling in Civil Cases</u>

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.

    B.     <u>Scheduling Conference with the Court</u>

The parties request a limited pretrial conference with the Court before entry of a scheduling order. Counsel for the parties have had three separate lengthy calls and exchanged multiple drafts of this report. Through good faith discussion, the parties have reached agreement on almost all issues. The only item of disagreement is the timing of fact discovery vis a vis expert discovery. It is the position of the Defendant that the expert disclosure and deposition deadlines should occur within the deadline for fact discovery. It is the position of the Plaintiff that fact discovery should conclude before the expert disclosure and deposition deadline. The parties therefore seek a scheduling conference with the Court to address this issue.

    C.     <u>Early Settlement Conference</u>

3

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2. The parties request an early settlement conference.

3. The parties prefer an early settlement conference with Magistrate William I. Garfinkel.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D. Joinder of Parties and Amendment of Pleadings

1. Plaintiff should be allowed until October 1, 2019 to file motions to join additional parties and to file motions to amend the pleadings.

2. Defendants should be allowed until October 15, 2019 to file motions to join additional parties. The Defendants have filed a Motion to Dismiss as their responsive pleading.

E. Discovery

a. The parties have considered the scope of discovery permitted under Fed R. Civ. P. 26(b)(4).

b. The parties anticipate that discovery will be needed on the following subjects: (a) the facts alleged in the Complaint; (b) Defendants' defenses; and (c) Plaintiff's damages.

c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed (not propounded) by September 1, 2020.

    d.      Plaintiff has proposed that fact discovery conclude before expert disclosures are due and expert discovery commences. Defendants have objected to this proposal.

    e.      Not Applicable.

    f.      Plaintiff anticipates that he will require a total of approximately 10 depositions of fact witnesses, and Defendants anticipate that they will require a total of approximately 5 depositions of fact witnesses. . Timing to be discussed at scheduling conference.

    g.      At this time, the parties do not anticipate requesting permission to serve more than 25 interrogatories but reserve the right to do so. Initial Disclosures will be due on October 15, 2019

    h.      Plaintiff may call expert witnesses at trial. Defendant may call expert witnesses at trial.

    i.      To be discussed at scheduling conference.

    j.      To be discussed at scheduling conference.

    k.      To be discussed at scheduling conference.

    l.      Undersigned agree to discuss in good faith the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties will be

        negotiating an agreement governing the protocol in which electronically stored information will be disclosed. Discovery of electronically stored information will be addressed in the parties' respective discovery requests.

m.    Undersigned will discuss discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production: the parties will adhere to the procedure set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

F.    Not applicable.

G.    <u>Summary Judgment Motions</u>

Any summary judgment motions will be filed on or before October 15, 2020.

H.    <u>Joint Trial Memorandum</u>

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by October 15, 2020 (or two months after the Court's decision on dispositive motions, whichever date is later).

## VI.    TRIAL READINESS

The case will be ready for trial by December 1, 2020 (or three months after the Court's decision on dispositive motions, whichever date is later).

The undersigned agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFF

By: _/s/ Stuart Bernstein_              Date: _September 11, 2019_
    Andrew T. Miltenberg
    Stuart Bernstein


    Kara L. Gorycki
    NESNOFF & MILTENBERG, LLP
    363 Seventh Avenue, Fifth Floor
    New York, New York 10001
    Email: AMiltenberg@nmllplaw.com
          SBernstein@nmllplaw.com
          KGorycki@nmllplaw.com

    William Bilcheck, Jr.
    LAW OFFICES OF WILLIAM BILCHECK, JR.
    12 Brookside Road
    P.O. Box 281
    Madison, Connecticut 06443
    Email: madctatty@aol.com


THE DEFENDANTS


By: _Jonathan C. Sterling_              Date: _September 11, 2019_
    James M. Sconzo
    Jonathan C. Sterling
    Carlton Fields, P.C.
    One State Street
    18th Floor
    Hartford, CT 06103
    Tel. (860) 392-5000
    Fax (860) 392-5058
    Email: jsconzo@carltonfields.com
          jsterling@carltonfields.com

## **CERTIFICATION**

      This is to certify that on this 11th day of September, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system:

William Bilcheck, Jr.
LAW OFFICES OF WILLIAM BILCHECK, JR.
12 Brookside Road
P.O. Box 281
Madison, Connecticut 06443
Email: madctatty@aol.com

Andrew T. Miltenberg
Stuart Bernstein
Kara L. Gorycki
NESNOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001
Email: AMiltenberg@nmllplaw.com
Email: SBernstein@nmllplaw.com
Email: KGorycki@nmllplaw.com

                                                        */s/ Jonathan C. Sterling*
                                                          Jonathan C. Sterling